**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**B.C., a minor, by and through his natural parent and next friend ARMA COOPER; et al.** **PLAINTIFFS**

**v.** **CIVIL ACTION NO.: 4:26-cv-85-RPC-JMV**

**ATTALA COUNTY, et al.** **DEFENDANTS**

**ORDER DENYING MOTION FOR ENTRY OF DEFAULT AND HOLDING MOTION TO STRIKE IN ABEYANCE**

This matter is before the Court on Plaintiffs' Motion for Entry of Default and Motion to Strike Attala County's Untimely Answer [Doc. 47]. Attala County opposes the motion. For the reasons discussed more fully below, the Motion for Entry of Default is denied, but the Motion to Strike Defendant Attala County's Answer is held in abeyance to permit Defendant 3 business days from the date of this Order to file a motion and an accompanying memorandum, seeking permission pursuant to Federal Rule of Civil Procedure 6(b) to have its untimely answer deemed the product of excusable neglect. Any response shall be made within 3 business days thereafter, and the reply, if any, shall be made 1 business day later.

Of relevance here is the following procedural history. Plaintiffs filed this claim on June 15, 2026, against the Attala County School District, Leroy Wise in his individual and official capacity, Dietrich Harmon in his individual and official capacity, and Superintendent Rhyne Thompson in his official capacity. [Doc. 1]. On June 19, 2026, before serving any party the original complaint, Plaintiffs filed their First Amended Complaint ("FAC") naming Attala County for the first time. [Doc. 3]. Plaintiffs served each Defendant with process for the FAC on July 1, 2026. [Docs. 5-8]. However, the day after counsel filed the returns of service, the Clerk entered a notice instructing

counsel to supplement its returns of service filings since they improperly omitted pages. However, counsel did not do so at that time.

Instead, on August 12, 2026, Plaintiffs sought leave to file their Second Amended Complaint ("SAC"). [Doc. 22]. The Court granted leave, and Plaintiff filed the SAC on September 1, 2026. [Docs. 25-26]. Plaintiffs did not serve the County with its motion seeking leave or with the actual SAC. The docket shows that all parties—except the County—timely answered the SAC. [Docs. 28, 38-39]. Then, on September 16, 2026, Plaintiffs filed their Application for Clerk's Entry of Default as to Defendant Attala County. [Doc. 41]. They did not serve Attala County with said motion. On September 18, 2026, the Clerk declined to enter default, stating as follows:

> On July 10, 2026, the Clerk entered a Notice (*see* case docket entry 7/10/2026) advising the Plaintiffs that their summons returns were incomplete and directing the Plaintiffs to cure the deficiency. The Plaintiffs did not take any curative action. For this reason, the Clerk declines to enter default at this time.

[Doc. 42].

On that same day and just after the Clerk had declined to enter default, Defendant Attala County served its answer to the SAC. [Doc. 45]. On that same day and just after Defendant Attala County filed its Answer, Plaintiff filed the omitted pages of the returns of service regarding the FAC and once again moved for entry of default against Defendant Attala County. [Docs. 46-48].

Though Plaintiff cited a number of cases in support of their Second Motion for Entry of Default, the Court notes that in none of those cases was an entry of default made where, as here, the motion for entry of default was not even properly sought until after the answer was filed. [Doc. 48]. Indeed, once a party has appeared or answered, thus indicating an intent to defend, a motion for entry of default is due to be denied as Rule 55(a) permits default against a party when it "has failed to plead or otherwise defend" itself. Fed. R. Civ. P. 55(a); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); *Saldana-Fountain v. United*

*States*, 693 F. App'x 295, 297 (5th Cir. 2017). Additionally, the Fifth Circuit has affirmed the denial of default where a defendant appeared by filing a motion to dismiss before the plaintiff moved for default, even where the motion itself was untimely. *Washington v. M. Hanna Const. Inc.*, 299 F. App'x 399, 400-01 (5th Cir. 2008).

"[M]odern federal procedure favors trials on the merits." *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985). As such, the Fifth Circuit treats default judgments as a "drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala*, 874 F.2d at 276. A plaintiff "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Nat'l Sec. Fire & Cas. Ins. Co. v. Townsend*, No. 4:17-CV-64-DMB-JMV, 2018 WL 4407253, at *1 (N.D. Miss. Sept. 17, 2018). Courts in this district reinforce the point, describing default as "a disfavored and drastic remedy, meant only for the truly derelict," and instructing that courts "must lean toward decisions on the merits." *Steven B. Michaels, LLC v. Rustic Rsrv., LLC*, No. 3:24-CV-373-MPM-RP, 2026 WL 295263, at *2 (N.D. Miss. Feb. 4, 2026). As this Court has put it, "Defaults are not favored and their strict enforcement has no place in the Federal Rules." *Cont'l W. Ins. Co. v. Concept Agri-Tek, LLC*, No. 4:20-CV-20-DMB-JMV, 2020 WL 6051261, at *1 (N.D. Miss. Oct. 13, 2020).

In the instant case, when Attala County answered the operative complaint, no request for entry of default was pending, much less had one been entered. Moreover, even if this were not the case, entry of default would, on a proper motion to set it aside, very likely be granted as the law abhors default. *Sun Bank of Ocala*, 874 F.2d 274 at 276; *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council,* 726 F.2d 166, 168 (5th Cir. 1984)); *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960). Though not properly before the Court today, it would appear from the briefing on the

instant motion that Defendant Attala County stands ready to argue persuasively that on a motion to set aside a default, the same would be in order. *See* [Doc. 52]. Thus, the entry of default here is a futile exercise.

On the other hand, it appears uncontested that Defendant Attala County's Answer was filed late. Under Fed. R. Civ. P. 6(b)(1)(B), an extension of time made after the time has already expired must be made by a motion that is supported by a memorandum demonstrating failure to timely answer because of excusable neglect. In the instant case, no such motion has been made. However, by way of response in opposition to the Plaintiffs' instant motion, Defendant has asserted that its late entry and Answer were solely the result of an unintended clerical error. [Doc. 52]. Defendant explains that it is part of the Mississippi Association of Supervisors Insurance Trust (MASIT), and MASIT in turn has a contract with a third party claims adjusting company, CCMSI. *Id.* According to Defendant, when sued, the normal course of business is to submit the service documents to the claims adjuster, who will then assign defense counsel. *Id.* Defendant contends that it followed the normal process here after being served on July 1, 2026. *Id.* It contends that it promptly provided its liability insurer with the documents to be assigned defense counsel and that the County assumed that the matter was being addressed. *Id.* However, it asserts, it only realized later that due to a mistake by an employee of the carrier, the summons was not sent to the proper department and counsel was never retained. *Id.*

Defendant Attala County asserts it was not aware that it was unrepresented until alerted by counsel for another defendant on September 14, 2026. *Id.* Defendant obtained counsel on September 17, 2026, and the next day, on September 18, 2026, that counsel appeared for Defendant and filed its out-of-time Answer. *Id.* As earlier noted, Plaintiff filed the present motion only after the Answer was served. [Docs. 45, 47].

While arguing excusable neglect as above in response to the instant motion, Defendant did not move, as required by Fed. R. Civ. P. 6(b) for leave to file its answer out of time. *Id.* Nevertheless, in as much as the law abhors default and given Defendant's obvious intent to vigorously defend this case, even if belated, the Court finds it appropriate to defer ruling on the portion of the motion seeking to strike the Answer for a brief period to permit Defendant an opportunity to seek leave to have filed its answer late.

Accordingly, Defendant Attala County will have 3 business days from the date of this Order, or through October 14, 2026, to file a motion with an accompanying memorandum seeking permission pursuant to Fed. R. Civ. P. 6(b) to have its untimely Answer deemed the product of excusable neglect. Any response shall be made within 3 business days thereafter, and the reply, if any, shall be made 1 business day later.

**SO ORDERED**, this, the 8th day of October, 2026.

/s/ Jane M. Virden

**UNITED STATES MAGISTRATE JUDGE**